**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                  *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANDY SWARTZWELDER, | : | |
| 1697 Potomac Avenue, Apartment 8 | : | |
| Pittsburgh, PA 15216 | : | |
|     Plaintiff, | : | Civil Action No. 2:23-cv-216 |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **JUNIPER COMMUNITIES, LLC d/b/a** | : | |
| **HARBOUR SENIOR LIVING OF** | : | |
| **SOUTH HILLS,** | : | |
| 1320 Greentree Road | : | |
| Pittsburgh, PA 15220 | : | |
| | : | |
| 400 Broadacres Drive | : | |
| Bloomfield, NJ 07003 | : | |
|     Defendant. | : | |

## CIVIL ACTION

Plaintiff, Mandy Swartzwelder (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Juniper Communities, LLC d/b/a Harbour Senior Living of South Hills (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff is an adult individual residing at the above captioned address.

2. Upon information and belief, Defendant is a senior living center with a location at 1320 Greentree Road, Pittsburgh, PA 15220 and with a corporate headquarters located at 400 Broadacres Drive, Bloomfield, NJ 07003.

3. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

5. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

6. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff exhausted her administrative remedies under Title VII, the ADA and the PHRA.

10. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging religion and disability discrimination and retaliation against Defendant.

11. The Complaint was assigned a Charge Number 533-2021-01873 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

12. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") on request relative to the Charge and that Notice is dated November 14, 2022. Plaintiff received the Notice by electronic mail.

13. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

14. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

15. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

16. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

17. Plaintiff is Pentecostal.

18. Plaintiff was diagnosed with Hashimoto's disease.

19. The major life activities affected by Hashimoto's disease, include, but are not limited to, functions of the immune system, performing manual tasks and concentrating.

20. In March 2020, Senior Living Corporation hired Plaintiff in the position of Housekeeper.

21. Plaintiff was well qualified for her position and performed well.

22. In or around March 2021, it was announced that Senior Living Corporation was purchased by Defendant, and as a result Plaintiff became an employee of Defendant.

23. At this time, Gloria LNU, Director, informed the employees that Defendant required all employees to receive the COVID-19 vaccine.

24. Gloria stated that if the employees did not receive the COVID-19 vaccine by July 12, 2021, they would be terminated.

25. Plaintiff began to complain to Gloria, Patricia Richards, Housekeeping Supervisor, and Dave LNU, Housekeeping Manager, that she could not get the COVID-19 vaccine due to her religious beliefs and disability.

26. Plaintiff asked Gloria on a weekly basis for advice on what to do because she could not get the COVID-19 vaccine, but she needed her job.

27. Gloria was visibly annoyed by Plaintiff's complaints and refused to provide Plaintiff the information she requested.

28. Instead, Gloria stated that there was no guarantee that Defendant would accommodate her.

29. On May 22, 2021, Rick Cardell, Pastor of South Hill's Assembly of God, wrote Plaintiff a note excusing her from getting the COVID-19 vaccine because of her religious beliefs.

30. Plaintiff submitted Pastor Cardell's note to Gloria.

31. However, approximately one (1) week later, Gloria informed Plaintiff that she needed to complete and submit an exemption form in order to receive the reasonable accommodation to not receive the COVID-19 vaccine.

32. However, when she requested a copy of the exemption form, so that she could complete it, Gloria did not give it to her.

33. Defendant did not engage in any interactive dialogue or discussion with Plaintiff to ascertain the basis of her request and/or to discuss it.

34. In early June 2021, Gloria looked directly at Plaintiff and stated that Defendant would not hire any "problem employees" during a staff meeting.

35. Plaintiff felt that Gloria was singling her out and trying to humiliate her in front of her coworkers.

36. Shortly afterwards, on or around June 10, 2021, Gloria screamed at Plaintiff in front of a resident stating that she was "combative" and that she did not want her working there anymore.

37. On June 30, 2021, Dr. Camille M. Buonocore, Endocrinologist, wrote Plaintiff a note excusing her from getting the COVID-19 vaccine due to her Hashimoto's disease.

38. Plaintiff gave Dr. Buonocore's note to Gloria.

39. However, she did not inform Plaintiff that she was going to be granted her requested reasonable accommodation or provide her with the exemption form.

40. Defendant did not engage in any interactive dialogue or discussion with Plaintiff to ascertain the basis of his request and/or to discuss it.

41. On July 5, 2021, Plaintiff called Defendant's Human Resource Department and complained about Gloria not providing her with the exemption form, not providing Plaintiff with her requested reasonable accommodation, and retaliating against Plaintiff.

42. The Human Resource Representative informed Plaintiff that the information Gloria provided her was inaccurate.

43. They also told Plaintiff that she would be provided with the exemption form during her interview with Defendant.

44. On July 7, 2021, Plaintiff met with Gloria, Ms. Richards, and Carl LNU, Human Resource Representative.

45. Gloria terminated Plaintiff for too many absences.

46. Plaintiff was not in violation of Defendant's policies regarding attendance.

47. Defendant did not follow its progressive disciplinary policy.

48. It is Plaintiff's position that she was discriminated against due to her religion and disability, denied a religious and disability accommodation and retaliated against for requesting a religious and disability accommodation in violation of Title VII, the ADA and the PHRA.

**COUNT I - RELIGIOUS DISCRIMINATION**
**<u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>**

49. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

50. Plaintiff is a member of protected classes in that she is Pentecostal.

51. Plaintiff was qualified to perform the job for which she was hired.

52. Plaintiff suffered adverse job actions, including, but not limited to, termination.

53. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

54. Circumstances exist related to the above cited adverse employment actions that give rise

to an inference of discrimination.

55. Defendant discriminated against Plaintiff on the basis of religion.

56. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

57. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – RELIGIOUS DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff is a member of protected classes in that she is Pentecostal.

60. Plaintiff was qualified to perform the job for which she was hired.

61. Plaintiff suffered adverse job actions, including, but not limited to, termination.

62. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

63. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

64. Defendant discriminated against Plaintiff on the basis of religion.

65. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

66. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

## COUNT III – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

67. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

68. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Plaintiff and its agents as being disabled.

69. Plaintiff was qualified to perform the job.

70. Plaintiff was subject to an adverse employment action, including, but not limited to, termination.

71. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

72. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

73. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

74. The purported reason for Defendant's decision is pretextual.

75. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

76. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

77. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

78. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Plaintiff and its agents as being disabled.

79. Plaintiff was qualified to perform the job.

80. Plaintiff was subject to an adverse employment action, including, but not limited to, termination.

81. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

82. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

83. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

84. The purported reason for Defendant's decision is pretextual.

85. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

86. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT V – FAILURE TO ACCOMMODATE
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

87. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

88. Plaintiff is a member of protected classes in that she is Pentecostal.

89. At all relevant times, Defendant was aware of her religion.

90. As a result of Plaintiff's religion, she requested the reasonable accommodation to be exempted from the COVID-19 vaccine.

91. With this reasonable accommodation, Plaintiff would be able to fulfill the essential functions of her position.

92. Plaintiff's requested accommodation was reasonable, and it would not impose an undue hardship on Defendant.

93. Defendant refused to grant Plaintiff the accommodation.

94. Defendant failed to engage in the interactive process with Plaintiff regarding her religion or any necessary accommodation.

95. Instead, Defendant terminated Plaintiff's employment.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VI – FAILURE TO ACCOMMODATE
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

96. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

97. Plaintiff is a qualified individual with a "disability" as that term is defined under the ADA because she has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its

agents as being disabled.

98. At all relevant times, Defendant was aware of her disability.

99. As a result of Plaintiff's disability, she requested the reasonable accommodation to be exempted from the COVID-19 vaccine.

100. With this reasonable accommodation, Plaintiff would be able to fulfill the essential functions of her position.

101. Plaintiff's requested accommodation was reasonable, and it would not impose an undue hardship on Defendant.

102. Defendant refused to grant Plaintiff the accommodation.

103. Defendant failed to engage in the interactive process with Plaintiff regarding her disability or any necessary accommodation.

104. Instead, Defendant terminated Plaintiff's employment.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VII – FAILURE TO ACCOMMODATE
### PENNSYLVANIA HUMAN RELATIONS ACT

105. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

106. Plaintiff is a member of protected classes in that she is Pentecostal.

107. Plaintiff is a qualified individual with a "disability" as that term is defined under the PHRA because she has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

108. At all relevant times, Defendant was aware of her religion and disability.

109. As a result of Plaintiff's religion and disability, she requested the reasonable accommodation to be exempted from the COVID-19 vaccine.

110. With this reasonable accommodation, Plaintiff would be able to fulfill the essential functions of her position.

111. Plaintiff's requested accommodation was reasonable, and it would not impose an undue hardship on Defendant.

112. Defendant refused to grant Plaintiff the accommodation.

113. Defendant failed to engage in the interactive process with Plaintiff regarding her religion and disability or any necessary accommodation.

114. Instead, Defendant terminated Plaintiff's employment.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VIII – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

115. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

116. Plaintiff engaged in activity protected by Title VII when she requested a reasonable accommodation and complained about religious discrimination.

117. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not terminated to, termination.

118. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IX – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

119. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

120. Plaintiff engaged in activity protected by the ADA when she requested a reasonable accommodation and complained about disability discrimination.

121. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not terminated to, termination.

122. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT X – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

123. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

124. Plaintiff engaged in activity protected by PHRA when she requested a reasonable accommodation and complained about religious and disability discrimination.

125. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not terminated to, termination.

126. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Mandy Swartzwelder, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: February 10, 2023       **By:**    */s/ David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*