IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MANDY SWARTZWELDER, | ) |
| Plaintiff, | ) ) 2:23-CV-00216-MJH ) ) |
| vs. | ) ) |
| JUNIPER COMMUNITIES, LLC, | ) ) |
| Defendant, | |

OPINION AND ORDER

This case had been referred to United States Magistrate Cynthia Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

On February 6, 2024, Magistrate Judge Eddy issued a Report and Recommendation (ECF No. 26) recommending that Defendant's Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6) be denied. (ECF No. 17). The parties were informed that written objections to the Report and Recommendation were due by February 21, 2024. (ECF No. 26). Defendant filed timely written objections, and Plaintiff filed a response to said objections. (ECF Nos. 27 and 28). Following de novo review, Judge Eddy's Report and Recommendation will be adopted, and Defendant's Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6) will be denied as moot.[1]

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides in pertinent part: "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

I.      Background

Because the Court writes primarily for the parties, the Court provides only a condensed background here. The facts of this case are provided in detail in Judge Eddy's Report and Recommendation. (ECF No. 26).

In March 2020, Senior Living Corporation hired Ms. Swartzwelder as a housekeeper. (ECF No. 15 at ¶ 22). In March 2021, Defendant, Juniper, purchased Senior Living Corporation, and Ms. Swartzwelder alleges she was informed she would keep her position. *Id*. at ¶ 24. Ms. Swartzwelder avers that Juniper absorbed Senior Living Corporation's employees as its own, and that Senior Living Corporation acted as Juniper's agent and enforced Juniper's policies. *Id*. at ¶ 6. Ms. Swartzwelder also maintains that Juniper "controlled Plaintiff's source of instrumentalities to perform work, dictated the location and timing of Plaintiff's work, maintained an open-ended relationship with Plaintiff, withheld taxes in its payments to Plaintiff, Plaintiff's business was part of the regular business of Juniper, and Plaintiff did not have the right to hire/choose assistant." *Id*. at ¶ 5.

In March 2021, the Housekeeping supervisor, "Gloria," allegedly informed employees, including Ms. Swartzwelder, that they were required to receive a Covid-19 vaccination by July 12, 2021, or they would be terminated. *Id*. at ¶¶ 25, 26. Subsequently, Ms. Swartzwelder informed Gloria and the Housekeeping Manager that her religious beliefs and medical condition prevented her from receiving the vaccination because of her religious beliefs and disability. *Id*. at ¶¶ 19, 20, 27. Ms. Swartzwelder sought Gloria's advice on how to proceed but avers that Director Gloria did not provide her with any information and informed Ms. Swartzwelder that she could not guarantee Juniper would accommodate her religious belief and/or disability. *Id*. at ¶¶ 28-30.

In May 2021, Ms. Swartzwelder allegedly submitted to Gloria a note from her pastor in support of a religious exemption from vaccination. *Id*. at ¶¶ 31, 32. Gloria allegedly advised Ms. Swartzwelder that she needed to complete a vaccination exemption form, but Gloria failed to provide it to her. *Id*. at ¶¶ 33-35. At a June 2021 staff meeting, Gloria allegedly stated that Juniper would not hire any "problem employees." *Id*. at ¶ 36. On June 10, 2021, Director Gloria allegedly told Ms. Swartzwelder that she had been combative in front of a resident and that Gloria did not want Plaintiff working there. *Id*. at ¶ 38. On June 30, 2021, Ms. Swartzwelder asserts that she submitted a note from her endocrinologist to excuse vaccination. *Id*. at ¶¶ 39, 40. Ms. Swartzwelder claims Director Gloria again failed to provide a vaccination exemption form and failed to engage in any related discussions with Ms. Swartzwelder. *Id*. at ¶¶ 41-42.

Ms. Swartzwelder alleges that, on July 5, 2021, she called Juniper's Human Resource Department to complain about Director Gloria's failure to provide a vaccination exemption form and to provide for her reasonable accommodation, plus she reported that Director Gloria's retaliated against her. *Id*. at ¶ 43. Ms. Swartzwelder alleges that Juniper responded to inform that Director Gloria provided inaccurate information, and that Plaintiff would be provided with a vaccination exemption form at her Juniper interview. *Id*. at ¶¶ 44, 45. On July 7, 2021, Ms. Swartzwelder met with Director Gloria, the Housekeeping Supervisor, and a Human Resource Representative. *Id*. at ¶ 46. During that meeting, Director Gloria terminated Ms. Swartzwelder for "many absences." *Id*. at ¶ 47. According to Plaintiff, she alleges that she did not violate Juniper's attendance policies. *Id*. ¶ 48.

Ms. Swartzwelder filed a ten-count Amended Complaint against Juniper asserting religious discrimination under Title VII and the PHRA (Counts I and II); disability discrimination under the ADA and the PHRA (Counts III and IV); failure to accommodate under

Title VII, the ADA, and the PHRA (Counts V, VI, and VII); and retaliation under Title VII, the ADA, and the PHRA. (Counts VIII, IX, and X).

Juniper moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), contending that Ms. Swartzwelder failed to sufficiently plead an employment relationship between Juniper and Plaintiff.  Judge Eddy recommended denying Juniper's Motion to Dismiss.

In its objections to the Report and Recommendation, Juniper contends that Judge Eddy incorrectly concluded that Juniper employed Ms. Swartzwelder by relying on conclusory allegations and/or contradictory allegations that belied an employment relationship.

II.     Discussion

As a threshold matter, a plaintiff asserting claims under Title VII, the ADA, and the PHRA, must allege an employment relationship with the defendant. *See* 42 U.S.C. §§ 2000e, 2000e-2; 42 U.S.C. §§ 12111(a), 12112; 43 Pa. Stat. Ann. §§ 954, 955. To determine the existence of an employment relationship, courts apply the multifactor test set forth in *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992). *See Covington v. Int'l Ass'n of Approved Basketball Offs*., 710 F.3d 114, 119 (3d Cir. 2013) (applying the Darden factors to Title VII claims); *Clackamas Gastroenterology Assocs., P. C. v. Wells*, 538 U.S. 440, 448-450 (2003) (applying the *Darden* factors to an ADA claim); *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) ("Claims under the PHRA are interpreted coextensively with [its federal counterparts like Title VII and the ADA].") (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)). Darden requires the court to conduct an inquiry into "the hiring party's right to control the manner and means by which the product is accomplished" by considering the following nonexhaustive factors: the skill required [for the individual's work]; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the

parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party. *Nationwide Mut. Ins. Co.*, 503 U.S. at 323–324.

No single factor is determinative, and while courts generally concentrate on "which entity paid the employee's salaries, hired and fired them, and had control over their daily employment activities[,] . . . all of the incidents of the relationship must be assessed and weighed[.]" F*aush v. Tuesday Morning, Inc.*, 808 F.3d 208, 214 (3d Cir. 2015) (citations and internal quotation marks omitted). "As demonstrated by the factors themselves, the inquiry is a fact-intensive one and ill-suited to resolution on the pleadings." *Clemente v. Allstate Ins. Co.*, 647 F. Supp. 3d 356, 375 (W.D. Pa. 2022) (citation omitted).

Juniper objects arguing that Ms. Swartwelder never alleged that Juniper employed her. Specifically, it maintains that the Amended Complaint avers that, approximately four months after she claims she became an employee of Juniper, the Human Resources Department told her that she would have to interview for a job with Juniper. Juniper contends that Judge Eddy did not reconcile this contradiction.

As regards the employment relationship, Judge Eddy noted that, even if Ms. Swartzwelder was fired before an interview with Juniper occurred, the Amended Complaint sufficiently alleged an employment relationship due to Juniper's alleged acquisition of Ms. Swartzwelder's predecessor employer, Senior Living Corporation, prior to her termination. Such allegations, Judge Eddy concluded, provides a plausible path in discovery that could support an employment relationship as between Juniper and Ms. Swartzwelder.

Following de novo review, the Court concurs with Judge Eddy's well-reasoned Report and Recommendation that the potential relationship among Senior Living Corporation, Juniper, and Ms. Swartzwelder involves a fact-intensive inquiries that are best developed in fact discovery and not at the pleading stage. Juniper will be free to re-raise its arguments on summary judgment. This Court finds no error in Judge Eddy's determination.

III. Conclusion and Order

Following consideration of the foregoing, Judge Eddy's Report and Recommendation (ECF No. 26) dated February 6, 2024, is ADOPTED as the Opinion of this Court. Defendant's Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6) is DENIED. This matter is referred back to Magistrate Judge Eddy for further proceedings.

DATED this 19th day of March, 2024.

BY THE COURT:

MARILYN J. HORAN
United States District Judge